UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERI MOREHOUSE, as an individual, LORISA WELLOCK, as an individual LISA MILLER, as an individual, <br><br> Petitioner, <br><br> v. <br><br> IDAHO STATE DEPARTMENT OF CORRECTIONS; BRENT D. REINKE, individually and in his official capacity; TEREMA CARLIN, individually and in her official capacity; THOMAS HOUDESHELL, individually and in his official capacity; ROBERT QUINN DAVIDSON, individually and in his official capacity; AARON KRIEGER, individually and in his official capacity; TERRI TOMISSER, individually and in his official capacity; THOMAS MCKINZIE, individually and in his official capacity; <br><br> Respondent. | Case No. 3:11-CV-00167-BLW <br><br> **MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Petitioners' Motions to Modify the Case Management Order and for Leave to File a Second Amended Complaint (Dkt. 53). Petitioners seek to amend their complaint to include a sixth claim brought only by Plaintiff Lorisa Wellock against Defendants Idaho Department of Corrections ("IDOC"), Brent Reinke, Terema Carlin, Robert Quinn Davidson, and Terri Tomisser: violation and/or interference with the Family Medical Leave Act rights protected under 29 U.S.C. § 2615(a)(1) and 29 C.F.R. §

825.312. Because this motion to amend seeks to bring an additional claim brought only by Wellock, this Court will only consider the facts of this case most pertinent to her and the case as a whole.

## BACKGROUND AND PROCEDURAL HISTORY

IDOC hired Wellock to work as a Food Service Officer at the Orofino Correctional Institution in November of 2006. *Proposed Am. Compl.* ¶ 3.64, Dkt. 53-1. In July of 2007, Wellock filed a complaint against a female coworker alleging discrimination. *Id.* at ¶ 3.65. Wellock's boss, Defendant Davidson, allegedly retaliated against Wellock for filing the complaint by harassing and demeaning her, publicizing the details of the complaint, and placing Wellock in situations with inmates in which she feared for her safety. *Id.* at ¶ 3.66. In October of 2008, Wellock filed a complaint against Davidson and a "Problem Solving Request Form," requesting intervention from the management to address Davidson's actions. *Id.* at ¶¶ 3.68-69. Wellock maintains that her claims of harassment were rejected and she was accused of misconduct. *Id.* at ¶ 3.70. In January 2009, managers at the Orofino Correctional Institution reported that they had received anonymous grievances accusing Wellock of having unlawful sexual relations with inmates. *Id.* at ¶ 3.71. The Office of Professional Standards conducted an investigation of the allegations and concluded that they were "false and unfounded." *Id.*

On February 20, 2009, Wellock sought medical treatment for pain she was experiencing in her neck, right shoulder, and arm. *Id.* at ¶ 3.72. Wellock's doctor and Warden Carlin authorized Wellock to return to work with "light duty limitations" on February 23, 2009. *Id.* at ¶ 3.73. Warden Carlin retracted Wellock's light duty work

clearance on February 26, 2009, and Wellock was given fifty days of leave without pay. *Id.* ¶ 3.74. Wellock maintains that on April 13, 2009, she received approval from her doctor to return to work without any restrictions. *Id.* at ¶ 3.75. On April 16, 2009, Wellock met with Davidson and Deputy Warden MacEachern to discuss her return to work. *MacEachern Letter to Carlin*, Ex. E to Smith Aff., Dkt. 55-1 at 19. At this meeting MacEachern told Wellock that she did not have the correct IDOC forms and that the release she received from her doctor was insufficient to allow her to return to work. *Id.*

On April 22, 2009, Wellock's doctor released Wellock to perform light duty work. *Proposed Am. Compl.* ¶ 3.76, Dkt. 53-1. On April 29, 2009, IDOC sent Wellock a letter saying that she had exhausted her allotted 84 days of medical leave she was guaranteed under the FMLA and that it may consider a "medical layoff" in the future. *Id.* at ¶ 3.77. On May 21, 2009, IDOC sent Wellock a letter stating that it was necessary to vacate her position based on her medical leave. The letter also informed Wellock that she had one year to place herself on the Department of Corrections rehire registry.[1] *Id.* at ¶ 3.78. Wellock's doctor released her to return to work without restrictions on July 22, 2009. *Id.* at ¶ 3.79. Over the next year, Wellock applied for five different vacant Food Service Officer positions, but was not rehired while others, who were not on the Department of Corrections rehire list, were found to fill the vacancies. Id at ¶¶ 3.80-.85.

Plaintiff Teri Morehouse filed the initial complaint in this suit on April 20, 2011. *Compl.*, Dkt. 1. Morehouse served the summons and complaint on the initially named

---

[1] The Department of Corrections is required to fill its vacancies with people on this list, who have the proper classification, before using any other methods of hiring.

defendants between August 16, 2011, and August 18, 2011. *Summons*, Dkt. 3 - Dkt. 10. On September 16, 2011, Morehouse filed the First Amended Complaint. In this filing, the complaint was amended to include Plaintiffs Lorisa Wellock and Lisa Miller, Defendants Terri Tomisser and Thomas McKenzie, and the initial claims[2] were altered and expanded from three to five claims for relief.[3] *Id*. Wellock was only involved in the fourth and fifth claims: (4) Deprivation of Constitutional Rights Under Color of Law in violation of 42 U.S.C. § 1983; (5) Breach of Contract. The Court entered a Case Management Order on November 3, 2011, designating February 1, 2012, as the deadline for amending pleadings and joining parties. *Case Management Order* at 6, Dkt. 22.

On April 26, 2013, Petitioners filed the motion currently before the court seeking to add a sixth claim for relief. In the sixth claim Wellock argues that several of the defendants unlawfully interfered with her rights guaranteed under the FMLA when she was not allowed to return to full work duty in April of 2009, despite having a release from her doctor. Defendants oppose the motion arguing that (1) Wellock has not shown the required "good cause" for amending the complaint at this  late date, (2) the FMLA

---

[2] The claims for relief asserted in the initial complaint are: (1) Discrimination by IDOC in violation of 42 U.S.C. § 2000e-2(a); (2) Retaliation by IDOC in violation of 42 U.S.C. 2000e-3(a); (3) Deprivation of Constitutional Rights Under Color of Law by all Defendants in violation of 42 U.S.C. § 1983.

[3] The claims for relief asserted in the First Amendment Complaint are: (1) Against IDOC by Morehouse and Miller: Discrimination and Harassment in violation of 42 U.S.C. § 2000e-2(a); (2) Against IDOC by Morehouse: Quid Pro Quo Harassment in violation of 42 U.S.C. § 2000e-2(a); (3) Against IDOC by Morehouse and Miller: Retaliation in violation of 42 U.S.C. 2000e-3(a); (4) Against All Defendants by all Plaintiffs: Deprivation of Constitutional Rights Under Color of Law in violation of 42 U.S.C. § 1983; (5) Against IDOC by all Plaintiffs: Breach of Contract.

claim is time-barred, and (3) amending the scheduling order would cause undue prejudice and hardship.

### 1. Motion for Leave to Amend Scheduling Order

Motions to amend a pleading filed after the scheduling order deadline has expired are governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992). The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, 2005 WL 1364571, *1 (D. Idaho 2005). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." 975 F.2d at 609 (citing *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992)).

When determining whether to grant a motion to amend a scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modification" *Id.* But, while a court is allowed to consider any prejudice that may occur, the court should focus its inquiry "upon the moving party's reasons for seeking modification." *Id.* If the party moving to amend "was not diligent, the inquiry should end." *Id.*

Good cause is not present when a plaintiff "knew or should have known of [the] basis for amended claims well before [the plaintiff] filed motion to amend." *Kinney v. Holiday Companies*, 398 F. App'x 282, 285 (9th Cir. 2010).   In *Kinney*, the plaintiff sought to assert additional claims under the Family and Medical Leave Act seven and a half months after the deadline for amending the pleading had passed. 2009 WL 6866070, *32 (9th Cir. 2009) (Appellee's Brief).The Ninth Circuit affirmed the district courts determination that because the "[p]laintiff knew of the facts upon which her claim for disparate treatment [was] based" well before the deadline to amend, she did not meet the burden of showing good cause. *Id.*; 398 F. App'x at 285.

The record shows Wellock knew the factual basis of the FMLA claim she is now asserting at the time the First Amended Complaint was filed.  A plaintiff seeking to establish a prima facie case of denial of his FMLA rights, when his employer has failed to reinstate him, must show "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).  Wellock knew she was eligible for FMLA's protections and was entitled to medical leave under the FMLA. Wellock submitted a doctor's note to MacEachern on April 13, 2009, and she was told this note was not sufficient to allow her to return to work. These facts are enough to state a FMLA claim, and, like the plaintiff in *Kinney*, Wellock knew these facts before the time to amend expired. Wellock has not shown good cause and the Court will therefore deny the motion to modify the Scheduling Order.

**2. Motion to File a Second Amended Complaint**

Even if the Court were to allow the modification of the Case Management Order, the Court would not allow Wellock to add the FMLA claim because (1) the claim would be barred by statute of limitations, and (2) allowing Wellock to amend the complaint to add the claim would prejudice Defendants.

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instruct courts to "freely give leave" to amend a pleading "when justice so requires," *id*., however, the movant must still show the amendment is proper under Rule 15. 975 F.2d at 608. When considering a motion for leave to amend, a court considers the following factors:  (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981).

**A. Statute of Limitations**

Claims that are subject to dismissal are considered futile. *Moore v. Kayport Package Express, Inc.,* 885, F.2d 531, 538 (9th Cir.1989). Claims barred by the statute of limitations are deemed futile.  *Emanuele v. Anderson*, 2012 WL 2047935 (D. Nev. June 5, 2012). However, a new claim in an amended complaint is not barred by the statute of limitation if that claim "relates back" to the original complaint that was properly filed within the statute of limitations. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 323-24 (9th Cir. 1989). A claim relates back to the original pleading if the new claim "arose out of the

conduct, transaction, or occurrence set forth ... in the original pleading." *Id.*; Fed.R.Civ.P. 15(c)(2).

In determining whether a claim relates back, "the court compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988). A new claim relates back if the amendment simply changes the legal theory on which an action was initially brought, so long as "the factual situation out of which the action arises remains the same and has been brought to the defendant's attention by the original pleading." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982). A new claim relates back "if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury. *Id.* (citations omitted).

In *Percy v. San Francisco General Hospital*, the court concluded that the plaintiff's new claim, contending that he had been denied due process in his Civil Service Commission hearing when he was discharged, did not relate back to the original complaint that his employer was racially motivated when it terminated his employment. 841 F.2d at 979. The *Percy* Court explained that the defendant was not on notice of the due process claim because the "original complaint alleged only facts having to do with his claim of racial discrimination in his termination . . . .Nowhere in the complaint did Percy suggest there were defects in the Civil Service Commission proceedings." *Id.*

Wellock maintains that she seeks to add a claim based on a new legal theory and that the new claim is entirely based on facts already alleged in the first amended complaint. Defendants, however, have pointed out that the first amended complaint did not allege that Wellock's April 13, 2009, doctor's note was sufficient to allow her to return to full duty work. The immediate case is similar to *Percy* in that the first amended complaint did not put Defendants on notice that there were defects in the procedure IDOC used to determine whether Wellock should be allowed to return to full work duty following her medical leave. The first amended complaint only alleges that IDOC unlawfully did not rehire her subsequent to her discharge.  Therefore, as in *Percy*, the Defendants were not on notice of the set of facts from which the new claim arises. Therefore, the sixth claim does not relate back to the original complaint.

The FMLA provides that a claim under the Act must be brought no "later than 2 years after the date of the last event constituting the alleged violation for which the action is brought," unless it is a willful violation, in which case the claim "may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C.A. § 2617 (West). In the proposed second amended complaint, Wellock asserts that the Defendants "interfered with, restrained, or denied" her exercise of her FMLA work rights when they told Wellock that her doctor's return to work note was not sufficient and then "vacated" her position based upon her FMLA leave. *Proposed Am. Compl.* ¶ 9.6, Dkt. 53-1. The "date of the last event constituting the alleged violation for which the action is brought," which triggered the running of the

statute of limitations, is therefore May 21, 2009, the day Wellock was discharged by IDOC.

Because this amended claim does not relate back to the original complaint, Wellock had until May 21, 2011, to claim a non-willful violation of the FMLA, and until May 21, 2012, to claim a willful violation. Wellock filed the motion to add this FMLA claim on April 26, 2013. Without determining whether Wellock asserted a willful, or non-willful violation of the FMLA, this Court can conclude this claim is barred by the statute of limitations. Because the claim is time barred, this Court can also conclude the claim is futile and therefore an improper amendment under Rule 15(c).

**B. Undue Prejudice**

A motion for leave to amend should be denied, if granting the motion would result in prejudice to the opposing party. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). A court will not find prejudice where the opposing party is "fully prepared to litigate the substantive issues raised" by the amended complaint.

Although Defendants have participated in discovery, they were not on notice that they needed to prepare a defense against an FMLA claim. Because they were not on notice, the Defendants likely will require additional discovery in order to adequately defend against the claim. Further, the time to complete discovery expired on April 30, 2013. Dkt. 52. Granting leave to amend the complaint would therefore unduly prejudice the Defendants.

The amendment to the complaint is improper under Rule 15 both because it is futile and because it would cause undue prejudice to the Defendants. The motion for leave to file a second amended complaint will therefore be denied.

### ORDER

**IT IS ORDERED that** Plaintiff's Motions to Modify the Case Management Order and for Leave to File a Second Amended Complaint (Dkt. 53) is **DENIED**.

DATED: August 6, 2013

B. Lynn Winmill
Chief Judge
United States District Court